IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN PACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-582-A |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Steven Pace, initiated this action by the filing of his original petition in the District Court of Tarrant County, Texas, 67th Judicial District, naming as defendant Citimortgage, Inc. By notice of removal filed August 17, 2012, defendants removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal, defendant claimed the amount in controversy requirement is met because plaintiff "seeks a declaration that (1) Citimortgage has no interest in the property; (2) the deed of trust is not a lien against the property and that it should be released; and (3) Plaintiff should be vested with free and clear title to the Property." Notice of Removal at 4, ¶ 13. Because of a concern that defendants had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendants to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendants timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence,

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated his action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which a plaintiff makes vague, general, and legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature

4

of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff contended that in conjunction with his purchase of the property at issue, he executed a promissory note, secured by a deed of trust, in favor of Argent Mortgage Company, LLC ("Argent"). Am. Notice of Removal, Pl.'s Original Pet., at 1, ¶ 5. However, the notice of substitute trustee sale, informing plaintiff that his property was scheduled to be sold at a foreclosure sale, showed Argent as original mortgagee, and defendant as current mortgagee. Id. at 2, ¶ 6. Plaintiff in the petition maintained he had no record of any assignment or transfer of their note and deed of trust to defendants, and speculated, "on information and belief," id. at ¶ 7, that their note was pooled with other such instruments and "securitized." Id. at ¶¶ 7-9. As a consequence of the foregoing, plaintiff alleged defendant is not the present owner of the note and has no right to foreclose on their property. Id. at 3, ¶ 12.

In the amended notice of removal, defendant argues that the amount in controversy is satisfied because if the court were to grant plaintiff's request for a declaratory judgment, then plaintiff "will be left with indefeasible title to the entire Property, free and clear of any debt." Am. Notice of Removal, at 6. The court has considered similar arguments in actions with similar factual circumstances, namely, plaintiffs challenging the validity of notes, deeds of trust, and similar documents, and plaintiffs seeking to quiet title to property. E.g. <u>Ramos v. Bank of America, N.A.</u>, No. 4:12-CV-525-A, 2012 WL 3561618 (N.D. Tex. Aug. 17, 2012); <u>Gluth v. BAC Home Loans Servicing, LP</u>, No 4:11-CV-251-A, 2011 WL 2559714 (N.D. Tex. June 27, 2011). In both above-mentioned cases, plaintiffs claimed that "no lawful assignment of the note and deed ever took place, with the result that the defendant was not the holder of the note and had no right to foreclose." <u>Ramos</u>, 2011 WL 3561618 at *3. In both cases, the court determined that such allegations did not satisfy the amount in controversy, and remanded the cases to state court.

Defendant also cites <u>Brooks v. Northglen Association</u>, 141 S.W. 3d 158, 163-64 (Tex. 2004), and <u>Ortiz v. A.N.P., Inc.</u>, 768 F. Supp.2d 896, 902 (S.D. Tex. 2011), for the proposition that

6

because the court can "declare the rights only of those who are parties to the suit" and, as such, if the court were to rule that defendant has no interest in the property, then the court would be forced to award plaintiff indefeasible title to the property at issue. Am. Notice of Removal, at 6, ¶ 15. This argument is a stretch. Brooks dealt with a state court declaratory judgment in the context of property owners suing their homeowners' association, and held that a state court could not declare the rights of the homeowners who had not been joined in the action, but that such homeowners could file suit to enforce their rights. Brooks, 141 S.W.3d 158. Ortiz determined that a court could not declare the rights of a non-party in an insurance action. Ortiz, 768 F. Supp.2d at 902. Neither of these cases is on point for the instant issue of amount in controversy, and this argument only invites unnecessary guesswork. Simply speculating that a potential ruling of the court in the future might injure defendant's interest in the subject property, and somehow award plaintiff title, is insufficient to show by a preponderance of the evidence that the amount in controversy is satisfied.

In the amended notice of removal defendants also rely on various allegations in plaintiffs' petition, including the prayer for relief, showing that plaintiffs are seeking to permanently

7

prevent defendants or anyone from ever foreclosing on the property. Nothing alleged in the petition, however, could lead to the conclusion that plaintiffs are the holders of the original note, or that they would be entitled to enjoin foreclosure and eviction by whoever holds the original note.

Although defendants have provided the court with documents showing that the value of the property exceeds $75,000, they have failed to persuade the court that such constitutes the amount in controversy. No other information has been provided to the court that would enable the court to place a value on the interest plaintiffs seeks to protect by this action. Thus, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 15, 2012.

JOHN McBRYDE
United States District Judge

8